UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON MELVIN RODGERS,<br><br>                                    Petitioner,<br>v.<br>JEFF MACOMBER, Secretary,<br><br>                                    Respondent. | Case No.: 24cv0837 JLS (BLM)<br><br>**ORDER SUA SPONTE SUBSTITUTING RESPONDENT** |

On May 8, 2024, Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, naming "J. Hill," the Warden of Richard J. Donovan Correctional Facility, where Petitioner was confined at the time, along with "The People of the State of California," as Respondents. (ECF No. 1 at 1.) On November 4, 2024, Petitioner notified the Court that he had been transferred to the Substance Abuse Treatment Facility and State Prison in Corcoran, California. (ECF No. 8.)

A writ of habeas corpus acts upon the custodian of the state prisoner. *See* 28 U.S.C. § 2242; R. 2(a), Rules Governing Section 2254 Cases (2019). Because Petitioner's place of custody has changed, so has the Respondent to this action. In order to conform with the requirements of Rule 2(a) of the Rules Governing Section 2254 Cases and to avoid changing the Respondent if Petitioner is transferred again, the Court hereby *sua sponte*

orders the substitution of Jeff Macomber, Secretary of the California Department of Corrections and Rehabilitation, as Respondent in place of Warden J. Hill. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief officer in charge of state penal institutions).

In addition, The People of the State of California is not a proper respondent in this action. A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

The Court **HEREBY ORDERS** the substitution of Jeff Macomber, Secretary of the California Department of Corrections and Rehabilitation as Respondent in place of "J. Hill" and "The People of the State of California." The Clerk of the Court will modify the docket to reflect "Jeff Macomber, Secretary" in place of the former respondents.

**IT IS SO ORDERED.**

Dated: 11/7/2024

Hon. Barbara L. Major
United States Magistrate Judge