UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON MELVIN RODGERS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　　　Defendant. | Case No.: 24-CV-837 JLS (BLM)<br><br>**ORDER (1) DENYING PETITIONER'S MOTION FOR ADDRESS CHANGE AS MOOT; AND (2) GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME**<br><br>(ECF Nos. 11, 12) |

On November 21, 2024, the Court received Magistrate Judge Barbara Lynn Major's Report and Recommendation for Order Denying Petitioner Milton Melvin Rodger's ("Petitioner") Writ of Habeas Corpus. ECF No. 10. Objections to the Report and Recommendation were due by December 20, 2024. *See* ECF No. 10 at 16. On December 20, 2024, Petitioner filed a document titled "Notice of Address Change Motion." ECF No. 11. On January 13, 2025, Petitioner filed a Motion requesting an extension of the deadline to file objections to the pending Report and Recommendation. ECF No. 12.

**MOTION FOR ADDRESS CHANGE**

Though Petitioner's Motion for Address Change is far from clear, the Court understands Petitioner to allege he "will move to put court on notice of address change,"

because of a "safety concern since arriving at Kern Valley State Prison." ECF No. 11 at 1. Petitioner appears to allege he must be transferred to Salinas Valley State Prison, "where [his] domestic partner is currently housed," because it is the "only level 4180 design prison [he] can safely program." *Id.* at 2.

The Court is uncertain whether Petitioner is requesting relief from the Court, or merely alerting the Court to an event he believes will occur. To the extent Petitioner seeks injunctive relief in the form of an order to transfer him to Salinas Valley State Prison, such issue is not properly before this Court, as the subject of the instant action is Petitioner's challenge to his conviction in San Diego Superior Court.[1] *See Randall v. Reyes*, No. 2:23-cv-01826-SB, 2024 WL 3850587, at *2 (D. Or. July 24, 2024) (holding without "a sufficient nexus" between the claims raised in petitioner's request for preliminary injunction and the claims set forth in the underlying petition, i.e., requesting "relief of the same character," "the district court lacks authority to grant the relief requested") (quoting *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015)). Accordingly, the Court **DENIES** Petitioner's Motion for Address Change (ECF No. 11) as **MOOT**. However, in the event Petitioner's address does change, Petitioner must inform the Court of his current address. *See* S.D. Cal. LR 83.11(b) ("A party proceeding pro se must keep the Court and opposing parties advised as to his current address.").

## MOTION FOR EXTENSION OF TIME

In Petitioner's subsequent Motion for Extension of Time, he alleged he never received a copy of the Report and Recommendation, and thus could not file an objection. *Id.* at 1. He further indicated he "is in Restricted Housing Unit 20 plus hours of Isolation Room confine [sic]" and has "very limited access" to the library. *Id.* He stated, "4 to 8 week projected deadline will be reasonable." *Id.* at 2.

Under Federal Rule of Civil Procedure 6(b), the Court may extend a filing deadline for "good cause" where a request for such an extension is made before the original due date

---

[1] As the issue is not before this Court, the Court makes no finding regarding the merits of such request.

passes. Fed. R. Civ. P. 6(b)(1)(A). Where a request for extension is made after the original due date passes, the Court may, for good cause, extend the time if the party failed to act because of "excusable neglect." *Id*. 6(b)(1)(B).

This rule "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Naharaja v. Wray*, No. 3:13-cv-1261-HZ, 2015 WL 3986133, at * 2 (D. Or. June 30, 2015) (quoting *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983)). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (quoting *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1258–59 (9th Cir.2010)).

Considering Petitioner's allegations and pro se status, the Court finds good cause appears and **GRANTS** Petitioner's Motion for Extension of Time (ECF No. 12).

Petitioner **SHALL FILE** any written objections to the Report and Recommendation (ECF No. 10) with the Court **on or before February 27, 2025.** Any reply to the objections **SHALL BE FILED on or before March 13, 2025**.

**IT IS SO ORDERED.**

Dated: January 24, 2025

Hon. Janis L. Sammartino
United States District Judge