UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON MELVIN RODGERS,<br><br>                             Plaintiff,<br>v.<br><br>JEFF MACOMBER, Secretary of the California Department of Corrections and Rehabilitation,<br><br>                            Defendant. | Case No.: 24-CV-837 JLS (BLM)<br><br>**ORDER:**<br><br>**(1) OVERRULING PETITIONER'S OBJECTIONS;**<br><br>**(2) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 10, 15) |

      Presently before the Court is Petitioner Milton Melvin Rodgers's ("Rodgers" or "Petitioner") Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1). Also before the Court are Magistrate Judge Barbara Lynn Major's Report and Recommendation for Order Denying Petitioner's Writ of Habeas Corpus ("R&R," ECF No. 10), and Rodgers's Objections thereto ("Objs.," ECF No. 15). For the reasons stated below, the Court **OVERRULES** Rodgers's Objections, **ADOPTS** the R&R, and **DENIES** the Petition.

# BACKGROUND

Magistrate Judge Major's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant Petition. R&R at 2–5. This Order incorporates by reference the background as set forth in the R&R, and briefly summarizes the most relevant facts here.

Rodgers, a state prisoner proceeding *pro se*, having exhausted his administrative and state remedies, filed his Petition on May 8, 2024. *See* Pet. In his Petition, Rodgers argues (1) his Fifth and Fourteenth Amendment rights to due process were violated when the prosecutor elicited testimony regarding his prior conviction for being a felon in possession of a firearm which the trial court had excluded in pretrial proceedings; and (2) the trial court erroneously admitted evidence that he had previously been convicted for being a felon in possession of a firearm. Pet. at 6–9. Respondent Jeff Macomber, Secretary of the California Department of Corrections and Rehabilitation ("Respondent"), answered on July 16, 2024. ECF No. 6-1 ("Ans."). Rodgers was given an opportunity to file a traverse by August 15, 2024, but failed to do so. *See generally* Docket.

On November 21, 2024, Magistrate Judge Major issued an R&R finding that the state court of appeal's denial of these claims was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law, nor was it based on an unreasonable determination of the facts. R&R at 12, 15. Moreover, Judge Major found that even assuming there was a constitutional violation with regard to the admission of the prior conviction of being a felon in possession of a weapon, the error was harmless. R&R at 16. On February 15, 2025, after receiving an extension of time, Rodgers filed Objections to the R&R. *See* Objs. Respondent did not reply.

# LEGAL STANDARD

I.   **Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R & R. The Court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

## II.     Cognizable Claim for Relief

Under federal law, a prisoner seeking relief on claims related to imprisonment may file a petition for habeas corpus pursuant to 28 U.S.C. § 2254. A federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal intervention in state court proceedings is only justified when there are errors of federal law. *Oxborrow v. Eikenberry,* 877 F.2d 1395, 1400 (9th Cir. 1989). Courts reviewing federal habeas petitions are bound by a state's interpretation of its own laws. *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs federal habeas petitions filed after April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 322–23 (1997). AEDPA establishes a "highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002). A federal court can grant habeas relief only when the result of a claim adjudicated on the merits by a state court "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts governing Supreme Court authority, or (2) "confronts a set of facts that are

materially indistinguishable from" a Supreme Court decision but reaches a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (internal quotation marks omitted) (citation omitted). An "unreasonable" application of precedent "must have been more than incorrect or erroneous"; it "must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 981–82 (9th Cir. 2000); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). Clearly established federal law, for purposes of § 2254(d), means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 72–73 (2003).

## ANALYSIS

### I. Prosecutorial Misconduct

Rodgers's claim for prosecutorial misconduct arises from the following sequence of events, described accurately by Magistrate Judge Major, and thus recited below.

Before Rodgers's trial began, he filed a motion *in limine* seeking to exclude his prior conviction for being a felon in possession of a firearm. Lodgment No. 1 at 91–94. The trial court granted Rodgers's motion and ruled that this prior conviction was not admissible unless Rodgers's opened the door to the testimony. Lodgment No. 6 at 36. The trial court cautioned Rodgers that he could "open the door" to the admission of the prior conviction for being a felon in possession of a firearm if he testified by claiming, for example, that he "never fired a gun in [his] life." *Id.* at 38. The trial court warned Rodgers that the prosecutor may want to "bait" Rodgers into making such a statement and informed the

prosecutor that he should not do so and should ask for a sidebar if he believed that Rodgers "opened the door." *Id.* at 37.

Rodgers testified at trial and during the cross-examination the prosecutor asked if the gun found at the scene of the July 24, 2019 shooting belonged to Rodgers. Lodgment No. 10 at 183. Rodgers testified that the gun was the one used to rob him and then volunteered "I don't own a gun." *Id.* In response, the prosecutor asked Rodgers whether he had ever possessed a gun. *Id.* Rodgers objected and argued this line of questioning violated the trial court's *in limine* order. *Id.* The trial court ruled that it was not a violation and explained to Rodgers that he had been told that "if you opened the door to the question," he would have to answer the question. *Id.* at 184. The trial court instructed Rodgers to answer this question and Rodgers refused to do so. *Id.* Rodgers objected again and the trial court overruled his objection. *Id.* at 185. After refusing again to answer the question, the trial court asked Rodgers if he wanted the court to "instruct the jury on this." *Id.* at 186. After Rodgers continued to refuse to provide an answer, the trial court instructed the jury that on July 3, 2012, Rodgers had been convicted of being a felon in possession of a firearm in violation of California Penal Code § 29800(a)(1). *Id.* at 187.

Rodgers argues in his Petition that the prosecutor committed an act of misconduct by "intentionally elict[ing] inadmissible testimony" in order to open the door to admitting into evidence Rodgers's prior conviction for being a felon in possession of a firearm. Pet. at 7. Rodgers presented this claim in the petition for review he filed in the California Supreme Court. Lodgment No. 18. The California Supreme Court denied the petition for review without citation of authority. Lodgment No. 19. This Court applies a presumption that the silent denial by the state supreme court adopted the reasoning of the appellate court. *Ylst*, 501 U.S. at 803–04; *see also Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002) (federal habeas courts look to the last reasoned decision of a state court which adjudicated a federal claim on the merits). The state court of appeal analyzed this claim as follows:

> A prosecutor may engage in misconduct by intentionally eliciting inadmissible testimony or evidence. (*People v. Molano*

(2019) 7 Cal.5th 620, 675.) But such a claim requires proof that the prosecutor acted deliberately or intentionally; there is no misconduct where the prosecutor could not have anticipated a witness's testimony. (*Ibid.*; see *People v. Valdez* (2004) 32 Cal.4th 73, 125.)

Here, the prosecutor did not directly ask Rodgers whether he had been convicted of being a felon in possession of a firearm; the questions were directed at whether the gun found after the July 24, 2019 shootings belonged to Rodgers. Rodgers answered the question by claiming the gun belonged to the person that robbed him, then volunteered, "I don't own a gun." It was permissible for the prosecutor to follow up by asking Rodgers whether he had ever owned or possessed guns, as Rodgers's testimony tended to suggest he was unfamiliar with firearms because he had never owned them. Nor can we say the prosecutor's question violated the court's in limine ruling or its admonition to avoid "bait[ing]" Rodgers to open the door to impeachment evidence. The court's admonition pertained to T.W.'s proffered testimony, not to the evidence in general or the excluded firearm possession conviction.

Even if we were to assume the prosecutor somehow committed misconduct in his attempt to elicit Rodgers's testimony on whether he had ever possessed a firearm, we would not be persuaded to reverse. "Under the federal Constitution, a prosecutor commits reversible misconduct only if the conduct infects the trial with such '"unfairness as to make the resulting conviction a denial of due process." '[Citation.] By contrast, our state law requires reversal when a prosecutor uses 'deceptive or reprehensible methods to persuade either the court or the jury' [citation] and '"it is reasonably probable that a result more favorable to the defendant would have been reached without the misconduct."'" (*People v. Davis* (2009) 46 Cal.4th 539, 612*; see also People v. Hoyt* (2020) 8 Cal.5th 892, 942- 943.) We conclude . . . that the admission of Rodgers's 2012 felon-in-possession of-a-firearm conviction did not prejudice him.

Lodgment No. 17 at 11–12.

A prosecutor's actions constitute misconduct if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637,

643 (1974)). The "appropriate standard of review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'" *Id.* (quoting *Donnelly,* 416 U.S. at 642). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips,* 455 U.S. 209, 219 (1982). On habeas review, constitutional errors of the "trial type," including prosecutorial misconduct, warrant relief only if they "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637–38 (1993) (internal quotation marks omitted).

Magistrate Judge Major first finds that while the Ninth Circuit has noted "a prosecutor's clear violation of a state trial court's in limine ruling constitutes prosecutorial misconduct for the purposes of habeas relief[,]" R&R at 10 (citing *Armenta v. Kernan*, 735 F. App'x 255, 258 (9th Cir. 2018)), here, Rodgers fails to show the prosecutor violated the court's *in limine* ruling, and therefore has not shown misconduct. Additionally, Judge Major concludes that the trial record and appellate court's analysis confirm that the prosecutor did not violate the trial judge's *in limine* order, and the reasoning of the appellate court was not unreasonable. R&R at 10.

Rodgers objects to Judge Major's finding, reiterating his argument that the trial court's *in limine* order was violated because his statement that he did not own a gun was not a "sweeping statement" like the one the trial court warned him not to make, and thus did not open the door to the admission of his conviction. Objs. at 2, 5. He also contends that the prosecutor's questioning was an improper attempt to elicit testimony that would open the door to the admission of excluded evidence. *Id.* at 7. And Rodgers argues the prosecutor's "questioning was also improper because the trial court told the prosecutor during motions in limine, that he should ask the trial court if he could inquire with regard to similar prior gun evidence if he believed that [Rodgers] opened the door, and the trial court would decide admissibility and the prosecutor did not do that." *Id.*

The Court, in its *de novo* review, agrees with Judge Major's conclusions. First, the Court finds Judge Major appropriately concludes that the prosecutor did not "bait" Rodgers

because the question posed by the prosecutor was proper and unrelated to the *in limine* ruling. Rather, the problem arose because, after answering the prosecutor's question, Rodgers volunteered that he did not own a gun, and that voluntary testimony was not in response to the question that was asked. Moreover, the prosecutor did not ask Rodgers about his conviction for being a felon in possession of a firearm and did not directly ask Rodgers whether he had been previously convicted of possessing a firearm. Instead, the prosecutor asked whether Rodgers had "ever possessed guns," and the Court agrees with the R&R that such question is proper follow up to Rodgers's testimony that he did not own a gun. Then, Rodgers refused to answer the question and refused to comply with the court's ruling denying Rodgers's objection and ordering him to answer the question. Lodgment No. 10 at 184–87. It was that refusal to comply with the trial court's ruling that resulted in the admission of his prior conviction for being a felon in possession of a weapon. *Id.* at 187.

And, as the trial court found no violation of the *in limine* ruling, Rodgers's prosecutorial misconduct claim requires the Court to "interpret the trial court's evidentiary order, and in doing so make its own findings on state law issues of admissible evidence." *Armenta*, 735 F. App'x at 258. But "[h]abeas relief may not be granted on this basis." *Id.* (finding habeas relief could not be granted for prosecutorial misconduct claim where the trial court found no violation of its *in limine* ruling); *see also Estelle*, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Leinweber v. Tilton*, 490 F. App'x 54, 57 (9th Cir. 2012) ("[Petitioner] complains of instances in which the state trial court admitted prior bad act evidence over defense counsel's objection . . . . This contention does not address prosecutorial misconduct [for purposes of habeas relief] but rather goes to the state trial court's admission of that evidence, an issue of state law.").

Accordingly, the R&R correctly concludes that the appellate court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). Nor was it based on an

unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). The Court thus **OVERRULES** Rodgers's Objections and **ADOPTS** Judge Major's R&R as to this claim.

## II.     Admission of Prior Conviction

Rodgers next contends the trial court erred by allowing evidence of his conviction for being a felon in possession of a firearm to be admitted for impeachment purposes, and that the admission of this evidence violated his Fifth and Fourteenth Amendment due process rights. Pet. at 8–9.

The court of appeal found that the trial court did not abuse its discretion in admitting Rodgers's prior conviction for being a felon in possession of a weapon even though the trial court did not express its reasoning for concluding that Rodgers's answers opened the door to this evidence. Lodgment No. 17 at 14–15. The court of appeal explained that the trial court "could have reasonably concluded that Rodgers's statement that he never owned firearms tended to suggest to the jury that he was unfamiliar with them, thereby permitting questioning on whether he had ever possessed a firearm." *Id.* at 15. As a result, it was reasonable to include this evidence when Rodgers refused to answer because "the court should not permit a defendant to testify with a 'false aura of veracity.'" *Id.* (citing *People v. Hinton*, 126 P.3d 981, 1018 (2006), *as modified*, (Apr. 12, 2006)).

The court of appeal then proceeded to the prejudice analysis, finding that under the *Watson* state law prejudice standard, they saw "no reasonable probability the outcome would have been different" if the jury hypothetically had not been instructed that Rodgers had a prior conviction for being a felon in possession of a weapon. *Id.* at 17 (citing *People v. Watson*, 299 P.2d 243, 254 (1956)). The appellate court went on to explain that the arguments raised by Rodgers in his state court petition did "not compel us to assess prejudice under the federal *Chapman* standard." *Id.* at 18.

The court of appeal analyzed Rodgers's federal claims as follows:

> Rodgers claims the error violated his federal Fifth and Fourteenth Amendment constitutional rights to due process and is reversable under the more exacting harmless beyond a reasonable doubt standard of *Chapman v. California* (1967) 386

> U.S. 18 (*Chapman*). He relies on a federal Fifth Circuit Court of Appeal case that does not bind us (*People v. Williams* (2013) 56 Cal.4th 630, 668) and *People v. Garceau* (1993) 6 Cal.4th 140, disapproved on another ground in *People v. Yeoman* (2003) 31 Cal.4th 93, 117-118.) We are not persuaded. *Garceau* involved evidence of uncharged offenses admitted pursuant to a jury instruction allowing the jury to consider the evidence " 'for any purpose, including but not limited to' " the defendant's " 'character or any trait of his character.' " (*Id.* at p. 186, italics omitted.) The court acknowledged the "potentially devastating impact" of such evidence, but held its admission was harmless beyond a reasonable doubt given the trial evidence. (*Id.* at p. 187.) The court's ruling in this case bears no resemblance to the court's error in *Garceau*. Rodgers's argument does not compel us to assess prejudice under the federal *Chapman* standard.

*Id.* at 17–18.

There is no clearly established Supreme Court law that "addresses whether the admission of a defendant's criminal history or prior bad acts would violate due process." *Kipp v. Davis*, 971 F.3d 939, 951 n.8 (9th Cir. 2020) (citing *Alberni v. McDaniel*, 458 F.3d 860, 864, 866 (9th Cir. 2006)). The "Supreme Court has expressly reserved the question of whether using evidence of a defendant's past crimes to show that he has a propensity for criminal activity could ever violate due process." *Id.*; *see also Estelle*, 502 U.S. at 75 n.5 (noting the Court "express[ed] no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime"). As the Ninth Circuit has observed:

> The Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process. Although the Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair [citation omitted], it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ. Absent such "clearly established Federal law," we cannot conclude that the state court's ruling was an "unreasonable application."

*Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (citing *Carey v. Musladin*,

549 U.S. 70, 77 (2006)). Ninth Circuit precedent "squarely forecloses" the claim that admission of propensity evidence violates due process. *Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008).

Magistrate Judge Major concludes that because there is no clearly established Supreme Court law holding the admission of propensity evidence violates due process, the state court's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. R&R at 14. And aside from the issue of clearly established federal law, Judge Major concludes that Rodgers has not demonstrated a due process violation based on an evidentiary decision. *Id.* at 15.

Rodgers objects to Judge Major's findings by rehashing his argument that his conviction was erroneously admitted. Objs. at 3. He also suggests the trial judge should have had a sidebar outside the presence of the jury to determine whether the evidence was allowed. *Id.* at 4.

After a *de novo* review, the Court agrees with Judge Major's conclusions. First, to the extent that Rodgers is claiming that the evidence was wrongly admitted under state law, this claim is not cognizable for federal habeas review unless federal constitutional rights are affected. *Estelle*, 502 U.S. at 67–68. An improper evidentiary ruling can violate due process, which warrants habeas relief, but only if it renders a trial fundamentally unfair. *Holley*, 568 F.3d at 1101 (citing *Estelle*, 502 U.S. at 67–68). The Court concurs that there is no "Supreme Court holding that admission of prejudicial evidence or propensity evidence violates due process" which "precludes relief under § 2254(d)." *Tapia-Felix v. Ndoh*, No. 19-CV-00972-HSG, 2020 WL 353551, at *7 (N.D. Cal. Jan. 21, 2020) (citing *Carey*, 549 U.S. at 77 (holding that given the lack of holdings from the Supreme Court on point, it cannot be said that the state court unreasonably applied clearly established federal law for purposes of § 2254(d)(1))).

Moreover, "[a] habeas petitioner bears a heavy burden in showing a due process violation based on an evidentiary decision." *Boyde v. Brown*, 404 F.3d 1159, 1172 (9th Cir. 2005), *as amended on reh'g*, 421 F.3d 1154 (9th Cir. 2005). Again, "[t]he admission

of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." *Holley*, 568 F.3d at 1101 (quotation omitted). "Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process." *Alcala v. Woodford*, 334 F.3d 862, 887 (9th Cir. 2003).

Here, the court of appeal found that "[b]y taking the stand and offering an alibi defense denying guilt for the offenses, Rodgers put his credibility squarely at issue, and as a result exposed himself to being impeached with his conviction for being a felon in possession of a firearm." Lodgment No. 17 at 15–16. The Court agrees with the R&R that there were permissible inferences the jury could draw from the admitted evidence of Rodgers's prior conviction involving the possession of a weapon, such as the credibility of Rodgers's alibi that was part of his testimony. *Moreau v. Spearman*, No. 2:17-cv-02439 KJN, 2020 WL 1547440, at *8 (E.D. Cal. Apr. 1, 2020), *report and recommendation adopted*, No. 2:17-cv-2439 KJM KJN P, 2020 WL 5821521 (E.D. Cal. Sept. 30, 2020) ("[Petitioner] put his credibility at issue by choosing to testify," and there was a "rational and constitutionally permissible inference to be drawn from the prior conviction evidence, namely, that petitioner was not credible." (citing *Boyde*, 404 F.3d at 1174)).

For the foregoing reasons, the Court agrees that the appellate court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *Yarborough*, 540 U.S. at 4. Nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). Thus, the Court **OVERRULES** Rodgers's Objections and **ADOPTS** Judge Major's R&R as to this claim.

### III. Harmless Error

Even assuming the prosecutor committed misconduct or the trial court's ruling allowing the admission of the prior conviction for being a felon in possession of a firearm violated due process, Rodgers must still establish the error "had substantial and injurious effect or influence in determining the jury's verdict." *Shaw v. Terhune*, 380 F.3d 473, 478 (9th Cir. 2004) (citations omitted) (applying harmless error test of *Brecht*, 507 U.S.

at 637–38 to prosecutorial misconduct claims).

Here, Magistrate Judge Major finds that the admission of Rodgers's prior conviction for being a felon in possession of a firearm would not have had a substantial and injurious effect on the jury. R&R at 15–16. Moreover, Judge Major concludes that even if there was error in admitting the prior conviction for being a felon in possession of a firearm, it was not probable that if this error had not occurred Rodgers would have received a more favorable result from the jury, in light of the overwhelming evidence of his guilt. R&R at 16 (citing *Allen v. Woodford*, 395 F.3d 979, 992 (9th Cir. 2005)).

Rodgers objects by arguing that absent the admission of his prior conviction for possession of a firearm by a felon, "it is reasonably probable the jury would have reached a different result" because the some of the charges in his case were for possession of a firearm by a felon, and there would be "inevitable pressure on lay jurors to believe 'if he did it before he did probably so this time.'" Objs. at 9–10 (quoting *People v. Beagle*, 492 P.2d 1, 8 (1972), *abrogated on other grounds by*, *People v. Diaz*, 345 P.3d 62 (2015)). And Rodgers contends the evidence of guilt was not "overwhelming," pointing out the jury acquitted him of count 9, which he says demonstrates the jury "believe[d] that someone else committed the crimes[.]" *Id.* at 4.

The Court however, in its *de novo* review, agrees with Judge Major's sound reasoning. First, Rodgers did not oppose the admission of his prior conviction for assault with a deadly weapon, so the jury already knew Rodgers was a felon who had possessed and used a dangerous weapon. Lodgment No. 8 at 28–29. And the prosecutor only referenced that Rodgers was a felon one time in closing argument, without identifying the nature of that conviction, before turning to Rodgers's other felony assault conviction. Lodgment No. 17 at 16–17; *see also* Lodgment No. 11 at 84, 103. Rodgers's cited case, *Beagle*, where the California Supreme Court discussed the trial court's discretion under California Evidence Code Sections 788 and 352, does not respond to these findings in the R&R, nor indicate otherwise. *See Beagle*, 492 P.2d at 9. The R&R thus appropriately concludes the admission of Rodgers's prior conviction of being a felon in possession of a

firearm would not have had a substantial and injurious effect on the jury.

Moreover, the Court finds the evidence of guilt overwhelming, considering Rodgers was a ninety-five (95) percent contributor to the DNA found on the gun used in four counts. Lodgment No. 8 at 180. The evidence also established that the expended cartridges found at the scene of four of the shootings were fired from the gun that had Rodgers's DNA. *Id.* at 128; Lodgment No. 10 at 83. And Rodgers provides no basis for his suggestion that his acquittal of count 9 (one of his multiple charges of discharging a firearm in a grossly negligent manner in violation of Pen. Code, 1 § 246.3, subd. (a)) means that the jury believed someone else was responsible for the other counts but convicted him of those counts based on his prior conviction.

In light of the foregoing, the Court finds Rodgers has failed to establish that the admission of the prior conviction for being a felon in possession of a weapon had a substantial or injurious impact on the jury's verdict. *Brecht*, 507 U.S. at 637–38. Therefore, even if the Court were to find that there was a constitutional violation with regard to the admission of the prior conviction for being a felon in possession of a weapon, the Court finds this error was harmless. Accordingly, the Court **OVERRULES** Rodgers's Objections and **ADOPTS** Judge Major's R&R as to this finding.

## IV. Certificate of Appealability

The Court is obliged to determine whether a Certificate of Appealability ("COA") should issue in this matter, as Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

For the reasons discussed above, the Court finds that Rodgers has not made a

substantial showing of a denial of a constitutional right, nor demonstrated that reasonable jurists could debate whether the Petition should have been resolved differently. Accordingly, the Court **DENIES** a COA.

## CONCLUSION

In light of the foregoing the Court **ORDERS** as follows:

1. Petitioner Rodgers's Objections (ECF No. 15) are **OVERRULED**;
2. The findings and conclusions of Magistrate Judge Barbara Major presented in the Report and Recommendation (ECF No. 10) are **ADOPTED** in their entirety;
3. The instant Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**;
4. Petitioner Rodgers is **DENIED** a certificate of appealability;
5. This action is **DISMISSED WITH PREJUDICE**; and
6. The Clerk of Court shall enter judgment in accordance with the Order.

**IT IS SO ORDERED.**

Dated: July 17, 2025

Hon. Janis L. Sammartino
United States District Judge